James Lavell
vs.                   } No.59397
George T. Stagg Co.

October 14, 1925

BLODGETT, J. Heard upon motion of defendant for new trial after verdict of a jury for plaintiff.

Action to recover amount of a loan alleged to have been made to defendant by plaintiff.

The defendant admitted receipt of amount, but claimed same to have been paid for the purchase by plaintiff for defendant, a distillery corporation, of a number of barrels of whiskey, and offered evidence to show that it was a sale and delivery of the goods to plaintiff, and not a consignment for the protection of plaintiff and to secure him as to the loan.

The liquor was stored in a warehouse belonging to plaintiff and leased by defendant, and part of plaintiff's claim was based upon money due from defendant on account of this lease.

This issue was submitted to the jury and there was testimony upon which a jury could base a verdict for the plaintiff.

The goods were withdrawn from the warehouse by the defendant, and subsequently stored by the defendant in a warehouse in Brooklyn, New York, a fact which may have assisted the jury in reaching the conclusion that no sale and delivery was made by defendant to plaintiff as claimed.

Motion denied.

For Plaintiff: Rosenfeld & Hagan.
For Defendant: Joseph H. Coen.

Ida D. Berry
vs.
J. Bernard French

No.62086

The plaintiff contends that the evidence in this case shows that she comes within this general rule. The defendant, on the other hand, argues that the facts in this case show clearly that the plaintiff is not entitled to any commission.

After considering all the testimony in the case carefully, the Court is of the opinion that on the facts and on the law the plaintiff is not entitled to recover.

In the first place, the weight of the testimony would tend to show that by agreement and understanding between the parties themselves the plaintiff was not to hold the defendant liable for any commission in case of a sale. The first figure which the defendant gave the plaintiff for the sale of the portrait was $15,000 net to him.

It can not be disputed that the early correspondence shows that the defendant apparently hoped or expected that the plaintiff would be reimbursed in some manner for her efforts, but as soon as the negotiations progressed to any definite point, he immediately inquired from the plaintiff as to whether or not she expected to collect any commission. This appears clearly from his letter of March 6, 1924, Plaintiff's Exhibit E. In answer to this letter, the plaintiff replied, March 7. 1924. Defendant's Exhibit 3, as follows: "You will not pay any commission to me. I will

try to get a little out of the buyer." In this connection see also the testimony of Mr. Burroughs (Depositions, pages 34 and 35). He states clearly that Mrs. Berry told him she did not expect any commission from Mr. French. Mr. Burroughs is disinterested as far as this proceeding is concerned and the Court believes that his testimony is entitled to the greatest weight and credence. He is a man holding a high position in the Metropolitan Museum of Art, and would have no reason or inducement, in the judgment of the Court, to tell other than the truth. In other words, the Court is of the opinion that the great preponderance of the testimony shows clearly that the plaintiff did not intend to charge the defendant any commission and that such was the agreement and understanding between them.

In the second place, the Court believes that the defendant was fully justified in discharging the plaintiff and terminating whatever relationship existed between them. The facts in the case show that during February and March the parties had considerable correspondence. About the middle of March the defendant's wife went to New York and, after ascertaining certain facts there, notified the defendant, who thereupon terminated his relations with the plaintiff.

For Plaintiff's: Gardner, Moss & Haslam.

For Defendant: Fitzgerald & Higgins.